RICARD *v.* INHABITANTS OF THE TOWNSHIP OF NEW PROVIDENCE.

*(Circuit Court, D. New Jersey.   January 26, 1881.)*

1. PLEADING—PRACTICE ACT OF NEW JERSEY, §§ 103–4, 110.

The Practice Act of the state of New Jersey (sections 103–4) requires the plaintiff to file his declaration against the defendant within 30 days after being returned "summoned," and the defendant his plea within 30 days after the expiration of the time limited or granted for filing the declaration; and provides (section 110) that if any party shall not file his pleading in the cause within the time required by law, and shall file the same after the expiration of such time, he shall give the adverse party notice in writing of the time of filing such pleading, and that the adverse party shall not be required to plead in reply thereto until ruled so to do. *Held*, under such statute, where a declaration was not filed within the time required by law, but within the time in which the defendant consented that it might be filed, that the defendant was not required to plead until so ruled by the plaintiff.—[ED.

In Debt.   Motion to set aside judgment.

*Wm. A. Lewis,* for plaintiff.

*McCarter & Keen,* for defendant.

NIXON, D. J. This is a motion to open and set aside a judgment as improvidently entered. The summons in the case was returnable on the twenty-third of March, 1880. Before the time expired for filing the declaration, to-wit, on the twenty-first of April, the attorneys for the defendant corporation signed a consent in writing, as follows: "We hereby consent and agree that the time within which plaintiff's declaration in the above cause may be filed, be extended 30 days from date, to-wit, until the twenty-second day of May next."

On the eighteenth day of May, before the expiration of the extended time, the plaintiff filed his declaration and gave written notice thereof to the attorneys of the defendant, and, at their request, furnished to them a copy of the declaration as filed.

No further steps seem to have been taken in the cause until the twenty-second day of November following, when the plaintiff entered a rule for judgment by default, and had his damages assessed by the clerk of the court.

Is such a judgment regular? By section 914 of the Revised Statutes of the United States the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes, in the courts of record of the state within which such circuit and district courts are held, any rule of court to the contrary notwithstanding.

It hence becomes necessary to turn to the statutes and the rules of the law courts of the state to ascertain the forms and modes of proceeding in such a case.

Under the Practice Act of New Jersey, (§§ 103-4,) the plaintiff is required to file his declaration against the defendant within 30 days after being returned "summoned," and the defendant his plea within 30 days after the expiration of the time limited or granted for filing the declaration.

By section 110 of the same act, if any party shall not file his pleading in the cause within the time required by law, and shall file the same after the expiration of such time, he shall give the adverse party notice in writing of the time of filing such pleading, and the adverse party shall not be required to plead in reply thereto until ruled so to do.

It is admitted that the declaration was not filed within the time required by law, but within the time in which the defendant consented that it might be filed.   What was the legal operation of such consent?   It estopped the defendant from taking advantage of the laches of the plaintiff in regard to the time of filing the declaration, but it had no other effect. It cannot properly be construed, as the counsel for the plaintiff insists, into a waiver of any right which resulted to the defendant by extending the time, and the last clause of section 110, *supra,* absolved the defendant from the duty of putting in any plea, when the declaration is not filed within the time required by law, until ruled so to do by the plaintiff.

As no rule was taken, the judgment is irregular.

This view renders it unnecessary to consider the other ground of irregularity taken by the defendant, under section 113 of the Practice Act, viz., that the plaintiff ought to have moved for his judgment at the opening of the next term of the court after the default, and that, having failed so to do, he was not authorized to enter a judgment, during the continuance of the term, without an order of the court.

The judgment is set aside.   The plaintiff has leave to enter a rule that the defendant plead within 20 days after service of the rule, or that judgment be entered for want of a plea.